UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 25-CV-0844 (RER) (ST)

_____

AARON ANTHONY VASQUEZ

VERSUS

LAUREN BULLOCK, SGT. JAMES RILEY, SGT. DAVID DIAS, C.O. MARLON ACOSTA, CAPT. CALVIN WICKS, WARDEN MICHAEL FRANCHI, TOWN OF RIVERHEAD, SUFFOLK COUNTY, STATE OF NEW YORK

_____

**MEMORANDUM AND ORDER**

April 21, 2025

_____

**RAMÓN E. REYES, JR., District Judge:**

In his amended complaint, incarcerated *pro se* plaintiff Aaron Anthony Vasquez seeks unspecified damages and injunctive relief pursuant to 42 U.S.C. § 1983 against various defendants for allegedly violating his constitutional rights in connection with a prison disciplinary hearing. As set forth below, the amended complaint is dismissed as to Warden Franchi, the Town of Riverhead, Suffolk County, and the State of New York and shall proceed as to the remaining defendants.

**BACKGROUND**

On February 13, 2025, plaintiff Aaron Anthony Vasquez ("Plaintiff"), incarcerated at the Riverhead Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983"). (ECF No. 1, Complaint ("Compl.")). By Memorandum and Order dated March 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP")

1

pursuant to 28 U.S.C. § 1915(a),[1] dismissed the complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint within 30 days. (ECF No. 5 at 6).

On April 14, 2025, Plaintiff filed an amended complaint adding Sergeant David Dias, Correctional Officer Marlon Acosta, Captain Calvin Wicks, and the Town of Riverhead as defendants, and removing Riverhead Correctional Facility. (ECF No. 9, Amended Complaint ("Am. Compl.")).

In the amended complaint, Plaintiff alleges that on January 15, 2024, "Correctional Officer Lauren Bullock #1848 was walking [the] outside hallway of our tier with children" when he commented that the children should "walk a little slower" and further commented "'what are you going to [do]? lock me in for saying walk slower?['] Then I restated 'Yeah that's right, walk a little slower.'" (Am. Compl. at 5). Plaintiff further alleges that he was "told to lock in later, maybe 30 minutes later," and then "security came and extracted me with force before any ticket given." (*Id.* at 7). Plaintiff alleges that the ticket, which was given to him "around 1:30pm" violated his right to freedom of speech and attributed "false dialogue" to him and falsely accused him of not locking into his cell. (*Id.*)

Plaintiff alleges that a disciplinary hearing was held on January 16, 2024, before Correctional Officer Marlon Acosta, Sergeant David Dias, and Captain Calvin Wicks. (*Id.* at 8). Plaintiff alleges he was denied a lawyer and was not able to call witnesses. (*Id.*) Plaintiff was found guilty of all charges but does not describe the disciplinary punishment imposed. (*Id.*) Plaintiff alleges he was denied due process during the prison disciplinary proceeding. (*Id.*) He seeks unspecified damages and injunctive relief. (*Id.* at 6).

---

[1] Incarcerated individuals are not exempt from paying the full statutory filing fee even when they have been granted granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2

## **STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, where a plaintiff is proceeding *pro se*, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nonetheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by an incarcerated person against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3

**DISCUSSION**

**A. Section 1983**

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[2] To state a claim under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Further, claims brought pursuant to Section 1983 must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Iqbal,* 556 U.S. at 676)).

**1. Warden Franchi**

Plaintiff fails to allege facts sufficient to show that Warden Franchi had any direct involvement in the alleged events described in the amended complaint. (*See generally*, Am. Compl.) Plaintiff indicates that he wrote a letter to the Warden and that "even [the] Warden found me guilty of all ticket charges," (Am. Compl. at 8) but does not allege the

---

[2] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

Warden's personal involvement in either the issuance of the ticket or the disciplinary hearing. *See Tangreti*, 983 F.3d at 618 ("[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Iqbal*, 556 U.S. at 676)). Plaintiff has failed to allege the personal involvement of this supervisory official; therefore, the action is dismissed as to Warden Franchi for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B)(ii).

### 2. Suffolk County and Town of Riverhead

Plaintiff's amended complaint cannot proceed against Suffolk County or the Town of Riverhead. First, Plaintiff does not allege any facts against either Suffolk County or the Town of Riverhead. Second, even if he had set forth factual allegations, the amended complaint cannot proceed against these defendants. Suffolk County and the Town of Riverhead, a town in Suffolk County, are municipal entities that cannot be sued unless there is an official policy of the municipality that caused a constitutional injury. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *see also Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *Cohen v. Suffolk County*, No. 17-CV-2527, 2023 WL 2240439 (E.D.N.Y. Feb. 27, 2023) ("Suffolk County is a municipality[.]"). Plaintiff does not allege his injuries were caused by an official policy. Therefore, the action is dismissed as to Suffolk County and the Town of Riverhead for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B)(ii).

### 3. State of New York

Similarly, Plaintiff sues the State of New York, but provides no facts. In any event, the amended complaint cannot proceed against the State of New York. "The Eleventh

5

Amendment bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015) (citing *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009)). New York has not waived its sovereign immunity in federal court from suits for damages like those sought in this case. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977).

Nor has Congress abrogated states' sovereign immunity for claims brought under 42 U.S.C. § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). Therefore, any claims against the State of New York are dismissed as barred by the Eleventh Amendment. 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii).

### 4. Disciplinary Due Process

"A prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report," *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997), unless he can "show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right," *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (citation omitted).

Here, Plaintiff alleges that he was deprived of due process during the disciplinary hearing when he was, *inter alia*, not able to call witnesses, and alleges that the ticket was issued in retaliation for exercising his right to free speech. (Am. Compl. at 7–8). Plaintiff's allegations are sufficient at this stage to proceed as to defendants Bullock, Riley, Dias, Acosta, and Wicks.

## **CONCLUSION**

Accordingly, the action is dismissed as to Warden Michael Franchi, the Town of Riverhead, Suffolk County, and the State of New York for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B)). No summons shall issue as to these defendants, and the Clerk of Court shall terminate these defendants from this action.

The action shall proceed as to Correctional Officer Lauren Bullock, Sergeant James Riley, Sergeant David Dias, Correctional Officer Marlon Acosta, and Captain Calvin Wicks. The Clerk of Court is respectfully directed to issue a summons as to these defendants, and the United States Marshals Service is directed to serve the summons, amended complaint, and this Order upon these defendants without prepayment of fees. The Clerk of Court is also directed to serve a copy of this Order, the summons, and amended complaint upon the Suffolk County Attorney; to mail a copy of this Order to Plaintiff; and to note both mailings on the docket.

The case is referred to the Honorable Steven Tiscione, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
_____
RAMÓN E. REYES, JR.
United States District Judge

Dated: April 21, 2025
       Brooklyn, New York